Matter of Curcio v Garuccio (2019 NY Slip Op 05775)





Matter of Curcio v Garuccio


2019 NY Slip Op 05775


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-12859
 (Docket Nos. F-04918-14/14A, F-04918-14/15B)

[*1]In the Matter of Charles Curcio, appellant,
v
Lucy Garuccio, respondent.


Coffinas & Lusthaus, P.C., Brooklyn, NY (Meredith A. Lusthaus of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from a corrected order of the Family Court, Richmond County (Arnold Lim, J.), dated October 3, 2018. The order denied, as untimely, the father's objections to (1) an order of the same court (Gregory L. Gliedman, S.M.), dated April 11, 2017, in effect, denying the father's petition for a downward modification of his child support obligation and continuing the support provisions contained in the parties' judgment of divorce dated February 20, 2009, and (2) an order of disposition dated April 20, 2018, inter alia, directing the entry of a money judgment.
ORDERED that the corrected order dated October 3, 2018, is affirmed, without costs or disbursements.
The parties were divorced by judgment dated February 20, 2009. The judgment, which incorporated the terms of a stipulation of settlement, awarded the parties joint legal custody of their three children, two of whom are now emancipated. The mother was awarded physical custody of the children and, inter alia, the father was directed to pay monthly child support. In February 2015, the father filed a petition for a downward modification of his child support obligation. In an order dated April 11, 2017, the Support Magistrate, inter alia, in effect, denied the petition and continued the support provisions contained in the judgment of divorce.
On July 17, 2018, the father filed objections to the order dated April 11, 2017, as well as to an order of disposition of the Support Magistrate dated April 20, 2018, which, inter alia, directed the entry of a money judgment. The Family Court denied the father's objections to both orders as untimely. The father appeals.
" Objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party'" (Matter of Bosse v Simpson, ___ AD3d ___, ___, 2019 NY Slip Op 04691, *1 [2d Dept 2019], quoting Matter of Verzhbo v Grubelich, 147 AD3d 864, 865; see Family Ct Act § 439[e]; Matter of Siciliano v Strocchia, 169 AD3d 799, 800; Matter of Tirado v Maldonado, 154 AD3d 712; Matter of Redd v Burrell, 145 AD3d 786). Contrary to the father's contentions, the orders dated April 11, 2017, and April 20, 2018, were mailed to the father on April 11, 2017, and April 23, 2018, respectively.
Accordingly, we agree with the Family Court's determination denying, as untimely, [*2]the father's objections to the orders dated April 11, 2017, and April 20, 2018 (see Matter of Bosse v Simpson, ___ AD3d ___, 2019 NY Slip Op 04691; Matter of Siciliano v Strocchia, 169 AD3d at 800; Matter of Tirado v Maldonado, 154 AD3d at 713).
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court